**David Angel DIAZ, Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Defendant–Appellee.**

No. 05–56257.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Feb. 27, 2007.

Clifford Gardner, Esq., Law Offices of Cliff Gardner, Oakland, CA, for Petitioner–Appellant.

Roy C. Preminger, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before: JOHN R. GIBSON,* FISHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

David Angel Diaz appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Diaz seeks to invalidate his state convictions for attempted murder, aggravated mayhem, assault by means likely to produce great bodily injury, and assault with a semiautomatic weapon. Diaz contends that the district court erred in its standard of review because the California Court of Appeal never adjudicated his Sixth Amendment claim. He also argues that the judge's dismissal of a lone holdout juror violated his Sixth Amendment right to a jury trial. We affirm.

### I.

We review the district court's denial of a writ of habeas corpus de novo. *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003). Because Diaz's petition was filed after April 24, 1996, the extent of review is governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. Diaz argues that in his appeal to the California Court of Appeal, he raised two distinct claims, a Sixth Amendment claim as well as a separate California Penal Code § 1089 claim. According to Diaz, the Court of Appeal fully addressed the § 1089 claim, but failed to resolve the separate Sixth Amendment claim. Diaz maintains that the court's failure to address the Sixth Amendment claim renders inapplicable AEDPA's deferential standard of review.

*See Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002) (holding that de novo review is appropriate where "a state court has not reached the merits of a properly raised issue").

■ The record belies Diaz's argument. In his appeal, Diaz cited the Sixth Amendment, federal law, and California state law in arguing that the trial court erred in dismissing Juror No. 5, without making any distinction between a § 1089 claim and a Sixth Amendment claim. While Diaz listed various standards for juror dismissal under both California and federal law, he did so in the context of a single argument that the trial court's action was erroneous. The California Court of Appeal's decision that the trial court's actions were not erroneous therefore constituted an implicit adjudication of Diaz's Sixth Amendment claim, despite the court's failure to mention the Sixth Amendment or Supreme Court precedent. *See Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); *Lambert v. Blodgett,* 393 F.3d 943, 969 (9th Cir.2004). We conclude that the decision by the California Court of Appeal constituted a decision on the merits of Diaz's Sixth Amendment claim as required under AEDPA.

### II.

■ Diaz argues that the state court's removal of Juror No. 5 constituted a violation of his Sixth Amendment right to a fair and impartial jury. The Sixth Amendment requires the preservation of the "essential feature" of the jury system. *See Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893,

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The actual order dismissed with prejudice Diaz's petition for writ of habeas corpus. For our purposes, this is a distinction without a difference.

26 L.Ed.2d 446 (1970). There is ample evidence to support the trial judge's determination that Juror No. 5 was emotionally unable to continue with deliberations. The trial judge spoke on two separate occasions with Juror No. 5 before stating that she had determined that Juror No. 5 appeared to be too upset to continue effectively with deliberations. A trial court's findings regarding juror fitness are entitled to special deference because trial courts are "in a superior position to observe [jurors'] physical appearance and demeanor and thereby to determine [their] ability to continue deliberating." *Perez v. Marshall,* 119 F.3d 1422, 1427 (9th Cir. 1997). The trial court also spoke with three other jurors, all of whom agreed that Juror No. 5 was unwilling to deliberate fully with the other jurors. Diaz has not presented clear and convincing evidence to overcome the presumption of correctness that we must accord the trial court's factual determination of juror fitness. *See* 28 U.S.C. § 2254(e)(1). Accordingly, we conclude that the state court's determination that Juror No. 5 was unable to continue with deliberations was not an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

Removal pursuant to § 1089 is constitutional because California's statute "preserve[s] the 'essential feature' of the jury required by the Sixth and Fourteenth Amendments." *Miller v. Stagner,* 757 F.2d 988, 995 (9th Cir.1985). In light of *Miller* and the lack of directly controlling Supreme Court precedent on this issue, the California Court of Appeal's conclusion that the trial court properly discharged Juror No. 5 was not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C.

§ 2254(d)(1); *Carey v. Musladin,* —— U.S. ——, ——, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006).

**AFFIRMED.**